## BERNARD v. MICHIGAN UNITED TRACTION CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION LAW — AC-
CEPTANCE BY EMPLOYER—RETROACTIVE EFFECT.

An employer is within the operation of the workmen's
compensation act, by the provisions of section 6, part 1,
thereof (2 Comp. Laws 1915, § 5428), from the date of the
filing of his statement of acceptance if the approval of
the industrial accident board be subsequently given, such
approval operating retroactively to accomplish this result.

2. SAME.

The common-law defenses withdrawn by section 1 thereof
are open to the employer under section 3, part 1, of the
act (2 Comp. Laws 1915, § 5425), when he is under the
act and the employee either voluntarily or involuntarily
is not under it.

3. SAME.

The purpose of the legislature in making the industrial
accident board's approval of the employer's acceptance
of the workmen's compensation act operate retroactively
so as to place the employer under the act from the date
of the filing of his statement was to prevent the penalizing
of the employer by the denial to him of his common-law
defenses after he had indicated his desire to come under
the act during the short period which must elapse be-
tween the filing of the acceptance and its approval by
the board.[1]

Error to Jackson; Parkinson, J. Submitted April
11, 1917. (Docket No. 72.) Decided December 27,
1917.

---

[1] On construction and effect of workmen's compensation acts,
generally, see notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

Case by Charles N. Bernard against the Michigan United Traction Company for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Sanford W. Ladd* (*Charles E. Lewis* and *Warren, Cady, Ladd & Hill*, of counsel), for appellant.

*Price & Whiting*, for appellee.

BROOKE, J. This case has been before this court before. The opinion will be found reported in 188 Mich., at page 504 (154 N. W. 565). When first considered in the court the sole question for determination was whether under an undisputed statement of facts the circuit court had jurisdiction to try the case, or whether plaintiff's sole remedy was under Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, § 5423 *et seq.*), commonly known as the workmen's compensation act.

By its plea to the jurisdiction defendant asserted that, by operation of law, plaintiff at the time the accident happened was under the act, and *second,* that if this was not so plaintiff had placed himself under the operation of the act by voluntarily filing a claim with the industrial accident board for compensation under the act.

We there held that inasmuch as the 30 days within which plaintiff, an employee, might have elected whether or not he would come under the terms of the act, had not expired at the time of the accident, he was not bound by its terms. We further held that his conduct in voluntarily seeking compensation under the act did not work an estoppel. The judgment overruling the plea in abatement was affirmed. Upon a new trial upon the merits, which this court had ordered, defendant was denied the right to introduce any defenses to the action, and the case was submitted to the jury simply for the purpose of computing plain-

tiff's damages which were assessed at the sum of
$9,000. The judgment entered upon such verdict is
now here for review.

Section 1 of the act is as follows:

"In an action to recover damages for personal in-
jury sustained by an employee in the course of his em-
ployment, or for death resulting from personal in-
juries so sustained, it shall not be a defense:

"(*a*) That the employee was negligent, unless and
except it shall appear that such negligence was wilful;

"(*b*) That the injury was caused by the negligence
of a fellow employee;

"(*c*) That the employee had assumed the risks in-
herent in or incidental to, or arising out of his em-
ployment, or arising from the failure of the employer
to provide and maintain safe premises and suitable
appliances."

Section 2 provides that the provisions of section 1
shall not apply to actions to recover damages for per-
sonal injuries sustained by household domestic ser-
vants and farm laborers.

Section 3 is as follows:

"The provisions of section one *shall not* apply to
actions to recover damages for the death of, or for
personal injuries sustained by employees of any em-
ployer who has elected, with the approval of the in-
dustrial accident board hereinafter created, to pay
compensation in the manner and to the extent herein-
after provided."

Section 6 is in part as follows:

"Such election on the part of the employers men-
tioned in subdivision two of the preceding section,
shall be made by filing with the industrial accident
board hereinafter provided for, a written statement
to the effect that such employer accepts the provisions
of this act, and that he adopts, subject to the approval
of said board, one of the four methods provided for
the payment of the compensation hereinafter speci-
fied. The filing of such statement and the approval of
said board shall operate, within the meaning of the

preceding section, to subject such employer to the provisions of this act and all acts amendatory thereof for the term of one year *from the date of the filing of such statement.*"

Reading these three sections together it is obvious that it was the intention of the legislature (indeed section 6 so states in plain language), to place an employer under the operation of the act from the day of the filing of the statement as soon as the approval of the board was given to said application. Such approval, when given by the terms of the statute, operates retroactively and fixes the status of the employer as being under the act, "from the date of the filing of the statement." We, therefore, have the situation here in which the employer at the time of the accident was under the act and the employee (not having had an opportunity for election) was not under the act. This situation is exactly covered by section 3, which declares that the provision of section 1 shall not apply to such actions. In other words, the common-law defenses withdrawn by section 1 are open to the employer when he is under the act and the employee either voluntarily or involuntarily is not under the act.

The purpose of the legislature in making the approval of the board retroactive is plain. It was to prevent the penalizing of an employer by the denial to him of his common-law defenses after he had indicated his desire to come under the act, during the short period which must elapse between the filing of his election and its approval by the board.

The judgment must be reversed and a new trial ordered, at which time defendant may interpose the common-law defenses mentioned in section 1 of the act.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.